IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RONALD WELSH, ) | |
| ) | Civil Action No.: 4:16-CV-00129-RBH |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SPEEDWAY LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment filed May 11, 2017. [ECF #28]. On May 25, 2017, Plaintiff filed a Response in Opposition to Defendant's Motion. [ECF #30]. On June 1, 2017, Defendant filed its Reply. [ECF #32]. This Court has considered all of the filings related to the Motion filed in this case, and this matter is now before the Court for review.[1]

## Standard of Review

Speedway LLC ("Speedway") brings this motion as one for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the

---
[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986))**.**

In this case, Defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a

genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). The nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1239 n.7 (4th Cir. 1989). The parties have had the opportunity to conduct discovery in this case. This Court will analyze this Motion under the applicable standard for summary judgment.

## Factual Background and Procedural History

This lawsuit was filed on or about December 15, 2015 in the Horry County Court of Common Pleas, but it was removed to this Court on January 14, 2016. [ECF #1-1]. As alleged in the Complaint, on or about April 16, 2014, Plaintiff Ronald Welsh was a guest/invitee on Speedway's premises. [ECF #1-1, pp. 2-3]. While at the Speedway, Mr. Welsh sustained an injury, allegedly because he tripped and fell at the gas station due to the length of the gas pump hose, or otherwise because Speedway created a dangerous condition. [Complaint, ECF #1-1, p. 3]. Mr. Welsh is now suing Speedway claiming its alleged negligence caused Mr. Welsh to experience significant injury and undergo pain and suffering. [ECF #1-1, p. 4]. Mr. Welsh seeks actual and punitive damages for the injuries he alleges to have sustained. [ECF #1-1, p. 5].

Speedway seeks summary judgment on these claims, as Speedway argues that there is no genuine issue of material fact regarding Speedway's liability to Mr. Welsh due to the fact that the fuel dispensing hose was an "open and obvious" danger, Mr. Welsh was aware of the hose when he tripped over it, and Speedway did not have superior knowledge of any alleged "defect" with the hose. [ECF #28, p. 1]. Speedway argues that Plaintiff testified in his deposition that he was

3

familiar with that particular gas station location. [ECF #28, p. 2]. Speedway also points to Plaintiff's admission that he was attempting to step over a gas pump hose when he tripped and fell. [ECF #28, p. 2]. Specifically, Speedway includes deposition testimony where Plaintiff acknowledges that he knew the hoses were there, and that his left leg made it over the hose, it was just his right foot that was caught, causing him to fall. [ECF #28, pp. 3-4]. Finally, included within Speedway's brief is a photograph of the pumps showing the location and visibility of the gas pump hoses. [ECF #28, p. 4]. In response, Plaintiff argues that Defendant has not met the standard for summary judgment because there are genuine issues of fact related to whether Defendant created a hazardous condition thereby causing Plaintiff's injuries. [ECF #30, p. 2].

## **Discussion**

In order for Plaintiff to establish a claim for negligence, he must prove: (1) a duty owed by Speedway to him; (2) a breach of that duty; (3) proximate causation; and (4) damages. *Nash v. Marriott Hotel Servs., Inc.*, No. 7:07-503-HMH, 2007 WL 3125315, at *1 (D.S.C. Oct. 23, 2007) (citing *Daniel v. Days Inn of Am., Inc.*, 356 S.E.2d 129, 131, 292 S.C. 291 (S.C. Ct. App. 1987)). Speedway argues that Plaintiff is unable to show there is a genuine issue of material fact with respect to at least one element of his claim because the gas pump hose that Plaintiff allegedly tripped over was an "open and obvious" danger of which Plaintiff testified he was aware of, thereby negating any breach of a duty on the part of Speedway.

Merchants owe customers a duty to exercise ordinary care to keep their premises in a reasonably safe condition. *Nash*, 2007 WL 3125315, at *2. South Carolina law provides that the owner of a property does not owe a duty to use reasonable care to take precautions warning guests

4

of open and obvious dangers. *Hackworth v. U.S.*, 366 F. Supp. 2d 326, 330 (D.S.C. Feb. 11, 2005) (citing *Neil v. Byrum*, 343 S.E.2d 615, 616, 288 S.C. 472 (S.C. 1986)). Dangers are "open and obvious" when they are reasonably discoverable to the patron. *See generally Donovan v. U.S.*, No. 9:05-3217-CWH, 2007 WL 1074951, at *4 (D.S.C. April 5, 2007); *see also Hancock v. Mid-South Mgmt Co., Inc.*, 673 S.E.2d 801, 381 S.C. 326 (2009) (finding that while a parking lot in a state of disrepair might be an "open and obvious" condition, owner of premises should have anticipated this to be a hazard); *Moore v. Barony House Restaurant, LLC*, 674 S.E.2d 500, 382 S.C. 35 (2009) (operating an unlighted golf car at night on a public highway is open and obvious as a matter of law). The degree of care owed when an open and obvious danger is involved is commensurate with the circumstances involved, including the possessor's knowledge of the defect's existence and the age and capacity of the invitee. *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 539-40, 340 S.C. 438 (S.C. Ct. App. 2000).

In order to establish that Defendant did not owe a duty to Plaintiff, Defendant points to Mr. Welsh's deposition testimony, as compared to a recorded statement apparently provided by Mr. Welsh soon after the incident occurred, to establish that Mr. Welsh was aware of the "open and obvious" danger of the gas hoses. Defendant believes that the recorded statement indicates that initially, Plaintiff stated he tripped over the hose for regular gas (a shorter hose than the other two hoses at the pump station) that was actually distributing gas to his car, but later changed his testimony to say he tripped over two longer hoses that were not in use. [ECF #28, pp. 2-5]. In response, Plaintiff disputes the use of Mr. Welsh's recorded statement, regardless of whether it reflects any alleged discrepancy in Mr. Welsh's recollection of the incident, because it was not

5

attached to Defendant's Motion. [ECF #30, p. 4]. Defendant has since filed the actual audio file of the recorded statement with the Court; however, even without considering the recorded statement as evidence, this Court finds that Mr. Welsh was aware of the gas hose, which was in plain view and open and obvious to Plaintiff.

The facts in this case are akin to cases where courts have found a plaintiff could not recover for injuries sustained due to contact with an open and obvious danger. *See Meadows v. Heritage Church and Missionary Fellowship, Inc. a/k/a PTL*, 409 S.E.2d 349, 305 S.C. 375 (S.C. 1991) (finding no duty to warn patron of the danger posed by wet grass near the sidewalk); *Nash v. Marriott Hotel Servs., Inc.*, No. 7:07-503-HMH, 2007 WL 3125315 (D.S.C. Oct. 23, 2007) (finding that vomit on the floor near the bathroom of which the plaintiff was aware was an open and obvious danger necessitating summary judgment for the hotel chain). Mr. Welsh first testified in his deposition that he had purchased gas or other convenience good items at this particular gas station approximately ten times prior to the incident. Welsh Dep. 46:7-14 (Oct. 26, 2016).

With respect to the incident in question, Mr. Welsh testified that he pulled up to the gas pump far enough that his car was even with the first gas pump line and then started the gas pump. Welsh Dep. 47:18-25. He attempted to walk toward the gas pump to check the amount of gas he had purchased, and he alleges that his foot got caught up with a hose laying on the ground, causing him to fall. Welsh Dep. 48:1-7. In fact, Mr. Welsh testified that he "successfully" stepped over the hose with his left leg, but his right foot got caught. Welsh Dep. 68: 20-25. At the time of the incident, he was hopping on his left leg and his foot came loose, and he fell. Welsh Dep. 69: 1-8. Mr. Welsh also testified that he was aware the hoses were at the gas pump, but he did

not pay much attention to them. Welsh Dep. 57:20-21. Plaintiff also testified in his deposition that when he fell he was "trying to step over the hoses on the ground," and he "did not want to walk on" the hoses on the ground, so instead, he tried stepping over them. Welsh Dep. 68:6-11. Finally, when asked if he saw the hoses, he testified, "I knew the hoses were there, yeah." Welsh Dep. 68: 11. Based upon Plaintiff's deposition testimony, it is apparent to this Court that Plaintiff observed the hoses, stood in front of the hoses, and admitted to stepping over one of the hoses in order to try and shut off the pump. In other words, the gas pumps were in plain view and reasonably discoverable to Plaintiff; indeed, Plaintiff was using one of the gas pump hoses at the time he fell and sustained injury.

Plaintiff argues that the general rule that a merchant does not owe a duty to its customers to protect from open and obvious dangers has been modified to the extent an owner anticipates an invitee might nevertheless encounter a condition or be distracted. In an effort to avoid summary judgment, Plaintiff relies upon *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63, 305 S.C. 123 (S.C. 1991), a case where the Supreme Court of South Carolina concluded a jury question existed as to whether a store, with knowledge of a missing piece on a store stool top, should have anticipated harm to patrons after an elderly man backed up to a stool top that was missing its round seat top. Plaintiff is correct that the open and obvious danger rule has an exception where the premises owner should reasonably anticipate that invitee may be distracted or will not discover a danger. *Hackworth v. U.S.*, 366 F. Supp. 2d 326, 330 (D.S.C. Feb. 11, 2005). However, Plaintiff does not provide any evidence, testimonial or otherwise, that Plaintiff was distracted or that Defendant should have anticipated that Plaintiff might have been distracted

7

while pumping gas, nor is there evidence that the harm should have been reasonably anticipated by Defendant, unlike in *Callander,* 406 S.E.2d at 362-63. Moreover, Plaintiff alleges that unlike "foreign substance" premises liability cases cited by Defendant to support its motion, Plaintiff argues Speedway created the hazard, thus notice of the condition is presumed, and therefore Speedway breached the duty of cared owed to Plaintiff. [ECF #30, pp. 6-7].

In order to establish that Speedway created this hazard, Plaintiff provides the expert report of Dr. Durig, a mechanical and metallurgical engineer who opined that the longer dispensing gas hoses located at the pump where Plaintiff fell created a fall hazard. [ECF #30, p. 7]. Notably, however, Dr. Durig did not review Plaintiff's deposition testimony prior to making his findings and conclusions, wherein Plaintiff testifies that not only has he been to that gas station several times, but he was aware of the hoses and stepped over the hoses. [ECF #31, p. 1]. Furthermore, Dr. Durig notes within his report that the NFPA 30A Motor Fuel Dispensing Facilities and Repair Garages Section 6.5.1 provides that hoses should not exceed 18 feet in length, and the two longer hoses in question did NOT exceed that length. [ECF #31, p. 6].

Dr. Durig simply points to two other codes (the International Property Maintenance Code and the ASTM F1637) discussing safe practices wherein both indicate "sidewalks" and "walkways" shall be kept "free from hazardous conditions" or maintain "safe walking conditions" to conclude the hoses were a trip hazard. [ECF #31, p. 7]. Here, Plaintiff fell in a small area located between a gas pump and his car, thus this Court questions whether this is the type of area contemplated by these code sections. Regardless, even assuming Dr. Durig's limited report established a breach of a standard, Dr. Durig's report does not alter the analysis with respect to the fact that not only

8

were the hoses "open and obvious" and in plain view, but that Plaintiff was actually aware of their presence and attempted to step over them just prior to his accident. Finally, the cases cited by Plaintiff regarding unreasonable hazardous conditions created by proprietors are distinguishable from this case because evidence provided in those cases suggested that the defendants were told of the dangerous conditions and/or advised to remove those conditions.[2] Plaintiff does not argue that Defendant was aware of an alleged dangerous condition in this case, and indeed their own expert acknowledges the gas hoses did not exceed the requisite length. The undisputed facts show that if there was a danger, it was recognized by Plaintiff and it was in plain view and open and obvious. More than a mere scintilla of evidence is required to withstand a motion for summary judgment in federal court. *See Stone v. Liberty Mutual Ins. Co.*, 105 F.3d 188, 190-91 (1997) (explaining that a party cannot create a genuine issue of material fact through mere speculation or the building of inferences, and citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) for the conclusion that "the mere existence of a scintilla of evidence" will not suffice; there must be evidence on which a reasonable jury could find for the plaintiff). Summary judgment is appropriate in this case as a matter of law.

---

[2] *See Baker v. Toys-R-Us, Inc.*, 133 F.3d 913 (4th Cir. 1998) (affirming a trial court award to a plaintiff and finding a store created the hazard causing the plaintiff's injuries who was injured after coming in contact with trim pieces at floor level that dislodged from the rest of the stand); *Henderson v. St. Francis Community Hosp.*, 399 S.E.2d 767, 303 S.C. 177 (S.C. 1990) (reversing summary judgment where plaintiff slipped on sweet gum tree balls that were around the parking lot of a hospital because the hospital had been warned that the debris created unsafe conditions and the hospital maintenance did not regularly keep the parking lot clear of the debris); *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691, 328 S.C. 324 (1997) (finding an issue of fact whether mats placed down by a grocery store created a dangerous condition because testimony provided suggested the mats often bunched or wrinkled and were specifically placed on the floor by the store).

## **Conclusion**

The Court has thoroughly reviewed the entire record, including all pleadings and exhibits filed in this case. For the reasons stated above, Defendant's Motion for Summary Judgment [ECF #28] is **GRANTED.** Plaintiff's Complaint [ECF #1-1] is dismissed with prejudice.

**IT IS SO ORDERED.**

Florence, South Carolina                                                         s/ R. Bryan Harwell  
July 6, 2017                                                                          R. Bryan Harwell  
                                                                                                  United States District Judge